**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**WM CRITTENDEN OPERATIONS, LLC**                              **PLAINTIFF**
**d/b/a WEST MEMPHIS HEALTH AND REHAB**

**v.**                         **CASE NO. 3:18-CV-00197 BSM**

**UNITED FOOD AND COMMERCIAL WORKERS
LOCAL UNION 1529 on behalf of
JACQUELINE BROOKS**                                                     **DEFENDANT**

## ORDER

WM Crittenden Operations, LLC d/b/a West Memphis Health and Rehab's ("Rehab") motion for summary judgment [Doc. No. 12] is denied.

## I. BACKGROUND

Jacqueline Brooks worked as a certified nursing assistant at Rehab, a long-term care nursing home. Pl.'s Statement Facts ("Pl.'s F.") ¶¶ 1, 4, Doc. No. 14. Rehab terminated Brooks after an incident in which Rehab claims Brooks verbally abused a resident. *Id*. ¶¶ 30, 69. United Food and Commercial Workers Local Union 1529 ("the Union") filed a grievance on Brooks's behalf regarding her termination. *Id*. ¶¶ 69–70. Rehab denied the grievance and the Union requested arbitration. *Id*. ¶ 71.

The collective bargaining agreement ("CBA") between the Union and Rehab states that the arbitrator shall resolve grievances which involve "questions of interpretation or application of any provisions of th[e] [CBA]." Mot. Vacate at 17, Doc. No. 1. The parties stipulated that the issues to for the arbitrator to decide were: (1) whether Rehab violated the

CBA when it terminated Brooks, and (2) if so, what the proper remedy should be. *Id*. at 28, 200. The CBA states that, "employees may not be disciplined . . . or discharged except for just cause," *id*. at 17, but the CBA does not define just cause. The arbitrator found that Rehab had just cause to discipline Brooks, but that discharging her was too harsh of a punishment. *Id*. at 212. The arbitrator ordered that Brooks be reinstated and that her discharge be reduced to suspension without pay. *Id*.

Rehab filed a motion to vacate the arbitration award [Doc. No. 1] alleging that the arbitrator acted beyond the powers given to him in the CBA. The Union filed a counterclaim [Doc. No. 3] seeking enforcement of the award. Rehab moves for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). All reasonable inferences must be drawn in a light most favorable to the nonmoving party. *See Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *See Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

An arbitrator's award will be upheld unless he acts outside the scope of authority given him by the CBA. *See John Morrell & Co. v. Local Union 304A of United Food &*

*Commercial Workers, AFL–CIO*, 913 F.2d 544, 559 (8th Cir. 1990) (*citing United Paperworkers Int'l Union, AFL–CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987)). Whether an arbitrator exceeded the scope of his authority is a question of law. *See John Morrell*, 913 F.2d at 559. Here, the only issue is whether the arbitrator exceeded his authority under the CBA by granting an award that lessened Brooks's discipline. Mot. Summ. J. at 1–2, Doc. No. 12.

Even though the parties do not dispute facts, Rehab's motion is denied because Rehab has not presented any evidence to support its conclusion that the arbitrator exceeded his authority. *See Crown Cork & Seal Co. v. Int'l Ass'n of Machinists & Aerospace Workers, AFL–CIO*, 501 F.3d 912, 915 (8th Cir. 2007). Rehab claims that its "Resident Abuse, Neglect, or Mistreatment Policy" ("abuse policy") and the CBA, read together, give it the sole right to create and enforce regulations governing its employees' conduct, including terminating employees for verified abuse. Mot. Vacate at 9–10, 16; Pl.'s Br. Supp. Mot. Summ. J. at 13–14, Doc. No. 13. The CBA, however, gives the arbitrator authority to resolve "questions of interpretation or application of any provisions of th[e] [CBA]." Mot. Vacate at 17.

The Union argues that all the arbitrator did in this case was interpret and apply the meaning of just cause from the provision of the CBA that states: "employees may not be disciplined . . . or discharged except for just cause." Def.'s Br. Supp. Resp. Pl.'s Mot. Summ. J. at 9, Doc. No 21; Mot. Vacate at 17. The CBA here does not define just cause.

3

Mot. Vacate at 17. When a CBA requires just cause to discipline or discharge an employee but fails to define the term, the arbitrator has broad authority to define and apply that term, and courts must defer to arbitrators. *See Associated Elec. Co-op, Inc. v. Int'l Bhd. of Elec. Workers, Local No. 53*, 751 F.3d 898, 903 (8th Cir. 2014) (*citing Misco, Inc.*, 484 U.S. at 41). Furthermore, doubts as to an arbitrator's authority stemming from a CBA are resolved in favor of his authority. *See Lackawanna Leather Co. v. United Food & Commercial Workers Int'l Union, AFL–CIO & CLC*, 706 F.2d 228, 230–31 (8th Cir. 1983).

Summary judgment is therefore inappropriate because Rehab provides no evidence to support its argument that the arbitrator exceeded his authority. *See Alcan Packaging Co. v. Graphic Commc'n Conference, Int'l Bhd. of Teamsters & Local Union No. 77-P*, 729 F.3d 839, 841 (8th Cir. 2013) (*quoting Misco, Inc.*, 484 U.S. at 38).

## IV. CONCLUSION

For the foregoing reasons, Rehab's motion for summary judgment [Doc. No. 12] is denied.

IT IS SO ORDERED this 6th day of November 2019.

_____
UNITED STATES DISTRICT JUDGE