**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**WM CRITTENDEN OPERATIONS, LLC**                                         **PLAINTIFF**
**d/b/a WEST MEMPHIS HEALTH AND REHAB**

**v.**                              **CASE NO. 3:18-CV-00197-BSM**

**UNITED FOOD AND COMMERCIAL WORKERS**
**LOCAL UNION 1529 on behalf of**
**JACQUELINE BROOKS**                                                               **DEFENDANT**

## ORDER

United Food and Commercial Workers Local Union 1529's ("the Union") motion for summary judgment [Doc. No. 32] is granted.

## I. BACKGROUND

Jacqueline Brooks worked as a certified nursing assistant at WM Crittenden Operations, LLC d/b/a West Memphis Health and Rehab ("Rehab"), a nursing home. Def.'s Statement Facts ("Def.'s F.") ¶¶ 1, 3, Doc. No. 34. Rehab terminated Brooks for verbally abusing a resident. *Id*. ¶¶ 6–29. The Union filed a grievance on Brooks's behalf regarding her termination. *Id*. ¶ 31. Rehab denied the grievance and the Union requested arbitration. *Id*. ¶ 32.

The collective bargaining agreement ("CBA") between the Union and Rehab states that the arbitrator shall resolve grievances which involve "questions of interpretation or application of any provisions of th[e] [CBA]." Mot. Vacate at 17, Doc. No. 1. The parties stipulated that the issues for the arbitrator to decide were: (1) whether Rehab violated the CBA when it terminated Brooks, and (2) if so, what the proper remedy should be. *Id*. at 28,

200.  The CBA states that, "employees may not be disciplined . . . or discharged except for just cause," *id*. at 17, but the CBA does not define just cause.  The arbitrator found that Rehab had just cause to discipline Brooks, but that discharging her was too harsh of a punishment.  *Id*. at 212.  The arbitrator ordered that Brooks be reinstated and that her discharge be reduced to suspension without pay.  *Id*.

Rehab filed a motion to vacate the arbitration award [Doc. No. 1] alleging that the arbitrator acted beyond the powers given to him in the CBA.  The Union filed a counterclaim [Doc. No. 3] seeking enforcement of the award.  Rehab moved for summary judgment [Doc. No. 12], and that motion was denied.  The Union now moves for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby Inc*., 477 U.S. 242, 249–50 (1986).  All reasonable inferences must be drawn in a light most favorable to the nonmoving party.  *See Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007).  The evidence is not weighed, and no credibility determinations are made.  *See Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Summary judgment is granted because Rehab has not presented evidence to support its conclusion that the arbitrator exceeded his authority.  *See John Morrell & Co. v. Local Union 304A of United Food & Commercial Workers, AFL–CIO*, 913 F.2d 544, 559 (8th Cir. 1990) (whether arbitrator exceeded authority is a question of law).

An arbitrator's award will be upheld unless he acts outside the scope of authority given him by the CBA.  *See id.*  The CBA gives the arbitrator authority to resolve "questions of interpretation or application of any provisions of th[e] [CBA]," but does not define just cause.  Mot. Vacate at 17.  The arbitrator was authorized to interpret and apply the meaning of just cause.  *See Associated Elec. Co-op, Inc. v. Int'l Bhd. of Elec. Workers, Local No. 53*, 751 F.3d 898, 903 (8th Cir. 2014) (when CBA requires just cause to discharge employee but fails to define term, arbitrator has broad authority to define term, and courts must defer); *Lackawanna Leather Co. v. United Food & Commercial Workers Int'l Union, AFL–CIO & CLC*, 706 F.2d 228, 230–31 (8th Cir. 1983) (doubts as to arbitrator's CBA-given authority resolved in favor of his authority).

## IV. CONCLUSION

For the foregoing reasons, the Union's motion for summary judgment [Doc. No. 32] is granted.

IT IS SO ORDERED this 2nd day of July, 2020.

_____
UNITED STATES DISTRICT JUDGE